*In re* SMITH.

Opinion delivered December 9, 1907.

COUNTY EXAMINER—POWER TO REMOVE.—Kirby's Digest, § 7583, providing that "if any county examiner shall be found incompetent or shall be frequently neglectful of his duty, upon satisfactory proof the county judge shall remove him from office, and shall immediately appoint his successor," was repealed by act of May 6, 1905, § 7, providing that the Superintendent of Public Instruction is impowered "to revoke the license of any county examiner who fails or neglects to comply with the provisions of that act or to perform any other duties required of him by law."

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; affirmed.

This was an action instituted in the county court of Ashley County to remove Barton Smith from the office of county examiner.

A petition was filed in the county court alleging Smith's incompetency, and upon testimony introduced the court removed him. He appealed to the circuit court, which held that the county court had no jurisdiction to remove a county examiner and dismissed the proceedings.

The county judge has appealed to this court.

*T. E. Mears,* for appellant.

1. The act of May 6, 1905, Acts 1905, p. 753, relied on by appellee as repealing the act of 1881 does not mention the act of 1881, Kirby's Digest, § 7819, and does not repeal it, unless it be by implication. 75 Ark. 443. A general affirmative statute, such as that of 1905, can not repeal a prior particular statute. 63 Ark. 397; 68 Ark. 130; 53 Ark. 471.

2. The power of circuit courts to remove officers by indictment or information applies to officers created by the con-

stitution,—elective offices. The office of county examiner is an appointive office, provided by the Legislature, and the decision of the county judge in this case was final. Art. 14, § 4, Const.; 39 Ark. 211; *Id.* 386; 40 Ark. 548; 21 Ark. 466.

*George & Butler,* for appellee.

1. The act of 1881, Kirby's Digest, § 7583, is unconstitutional, and the circuit courts alone have jurisdiction in cases of this nature. When, under act 14, § 9, Const., the General Assembly created the office of county examiner, it became a constitutional office, as much so as if it had been specifically named in the Constitution. Such being the case, art. 7, § 27, controls.

2. If the above act be held as constitutional, then it is submitted that it has been repealed by subsequent legislation; and if the authority to remove is not vested in the circuit courts, the power is conferred upon the Superintendent of Public Instruction. Kirby's Digest, § § 7564-5; Acts. 1905, p. 753, § § 7, 8. These acts cover the whole scope and object of the act of 1881, and necessarily repeal it. 10 Ark. 588; 27 Ark. 419; 31 Ark. 19; 46 Ark. 450; 43 Ark. 425; 47 Ark. 488; 29 Ark. 225; 2 Crawford's Digest, 857.

3. Authorities cited in support of the contention that the action of the county judge was final and not subject to review have no application. Compare the Oil Inspection Statute, § § 4063, *et seq.,* with § § 7559, *et seq.,* Kirby's Digest, and it appears that the oil inspector is a mere police officer, appointed for no stated term, while a county examiner is a county officer having a definite term of office.

WOOD, J. Several questions are presented on this appeal, but the only one we need consider is, "has the county judge power to remove from office a county examiner?"

The act of March 11, 1881, "to render more efficient some of the provisions of the school laws and for other purposes," provides, *inter alia,* that: "If any county examiner shall be found incompetent or shall be frequently neglectful of his duty, upon satisfactory proof the county judge shall remove him from office, and shall immediately appoint his successor." Kirby's Digest, § 7583.

County examiners under the law are named by the county court. They must possess "high moral character and scholastic

attainments," the latter to be ascertained by an examination conducted by the State Superintendent of Public Instruction in person, or by his representative. If the county examiner passes a satisfactory examination upon the subjects named in the law, he is licensed by the Superintendent of Public Instruction.

The law does not expressly provide that the Superintendent of Public Instruction shall issue a license to the county examiner; but that is clearly implied. For they are required, before entering upon their duties, to stand the same examinations as is required of teachers who receive first-grade licenses. Act of March 7, 1893, Kirby's Digest, § 7562. And the act of May 6, 1905, provides for a revocation of their license by the State Superintendent of Public Instruction, showing that the previous issuance of a license to them was contemplated. Upon the issuance of this license by the State Superintendent of Public Instruction, the appointment becomes complete, and he may enter upon his duties. Acts of March 11, 1883 and March 7, 1893, found in Kirby's Digest, §§ 7559, 7565.

This was the law concerning the appointment, qualifications and removal of county examiners when the act of May 6, 1905, entitled "an act to improve the character of teachers in the State of Arkansas," was enacted. That act, after prescribing certain duties for county examiners and the Superintendent of Public Instruction and teachers, in addition to those already prescribed, among other things, provided as follows: Sec. 7. "The State Superintendent of Public Instruction is hereby authorized and empowered to revoke the license of any county examiner who fails or neglects to comply with the provisions of this act or who fails to perform any of the other duties required of him by law. Upon receiving notice of such revocation of the license of a county examiner, the county judge shall within twenty days appoint another examiner in accordance with the law regulating the appointment of county examiners." Sec. 8 provides: "All laws and parts of laws in conflict herewith are hereby repealed, and this act take effect and be in force from and after its passage." See Acts 1905, c. 311, p. 751.

Passing the question as to whether section 7583, Kirby's Digest, *supra,* contravenes section 27, art. 7., Const., it is certain that it is repealed by section 7 of the act of 1905 *supra,* for the

latter is inconsistent with the act of March 11, 1881, and the two can not stand together.

The provisions of the act of 1905, taken in connection with the provisions of former laws *in pari materia* and not repugnant to the act of 1905, cover the whole subject-matter of the appointment, qualifications, duties and removal for cause of the county examiners.

The act of 1905, *supra,* (the last upon the subject) in regard to the revocation of the license of the county examiner, is wholly repugnant to the act of March 11, 1881. Both acts cover the same subject, for the revocation of the license of the county examiner is *ipso facto* a removal from office, as contemplated by the act, for the county judge is required, upon receiving notice of such revocation, to appoint another examiner within twenty days. Such revocation is for a failure to comply with the provisions of the act of 1905, or for failure "to perform any of the other duties required by law." The clause quoted does not come under the rule of *ejusdem generis,* and refers only to other duties in regard to teachers' institutes and duties similar to those mentioned in the act of 1905, as contended by appellant. It was clearly the intention of the Legislature to give to the State Superintendent of Public Instruction the full power to remove county examiners for the neglect of any duty of them by law, whether similar to those commanded by the act of 1905 or not. Certainly, the Legislature could not have intended that the county examiner was subject to removal by the county judge for one cause and by the Superintendent of Public Instruction for another and different cause or the same cause. The power of removal is not vested in two functionaries having wholly distinct and separate duties to perform. It is clear to us that the Legislature intended by the act of 1905 to vest the power of removal in the State Superintendent of Public Instruction, and in so doing to take it away from the county judge, in whom it had been formerly lodged. This is in entire consonance with the rule that usually obtains, giving the power of removal to the one who really appoints, and is more in accord with one general educational system, over which the State Superintendent of Public Instruction has supervision.

The judgment of the circuit court, holding that the county

judge was without jurisdiction in the premises, is correct, and it is affirmed.